1
2
3
4
5
6            UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
7                     AT SEATTLE

8  JUSTIN D. MOORE,

9                              Petitioner,          Case No. C19-1949-RSM

10        v.                                        **REPORT AND RECOMMENATION**

11  STATE OF WASHINGTON,

12                              Respondent.

13        Before the Court is a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus

14  challenging a conviction in King County Superior Court case number 12-1-02669-2 SEA, for

15  Assualt in the First Degree with a Deadly Weapon. Dkt. 1. The habeas petition was submitted for

16  filing without payment of the filing fee or an application to proceed *in forma pauperis*. *Id.*

17        The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the

18  rules governing § 2254 petitions, the Court must promptly examine a habeas petition and if it

19  plainly appears from the petition and its attachments the petitioner is not entitled to relief, the

20  Court must dismiss the petition. The complaint avers petitioner plead guilty and was sentenced to

21  108 months, and that petitioner has not appealed or sought collateral review of his judgment and

22  sentence. Dkt. 1.

23        The habeas petition further avers none of the claims in the instant federal petition have

REPORT AND RECOMMENATION- 1

been presented to the state courts, and petitioner has no intent to do so because petitioner

believes state courts lack the jurisdiction "to decide on Federal Constitutional matters. *Id.* at 6.

Although the habeas petition does not indicate the specific date petitioner was sentenced in King

County Superior Court, the case number indicates the criminal information charging petitioner

was filed in 2012. There are numerous defects with the habaes petition. First, petitioner has

neither paid the filing fee despite being notified in November 2019 of the IFP deficiency. *See*

Dkt. 2  Second the petition is likely time barred given the filing date of the criminal charges in

this case. And lastly, petitioner has not presented his claims to the state courts and the claim are

thus unexhausted and not properly before the Court. For these reasons the Court recommends

that the habeas petition be dismissed with prejudice. Leave to amend the petition should not be

granted. Although petitioner proceeds *pro se*, no amendment would cure these defects.

## DISCUSSION

Petitioner may pursue federal habeas relief only after he has exhausted state judicial

remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court

remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. §

2254(b)(1)(A).[1] *See Rose v.Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a

policy of federal and state comity that is designed to give state courts the initial opportunity to

correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A

petitioner can satisfy the exhaustion requirement by providing the highest state court with a full

and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner must first raise the grounds for relief contained in his habeas petition to

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENATION- 2

the Washington Court of Appeals and Washington Supreme Court. Petitioner affirmatively avers he has not; each of the claims contained in his federal petition are consequently unexhausted. Petitioner contends he did not on present his grounds for relief to the state courts contending the state courts lack the "jurisdictional authority to decide on United States Constitution matters." Dkt. 1 at 5. This contention fails because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. In other words, state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were violated as determined by the United States Supreme Court, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). As petitioner avers he has never presented his grounds for relief to the state courts, his federal petition is unexhausted and should be dismissed. In sum, the Court is without jurisdiction to consider federal habeas claims that have not been exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1). The Court accordingly recommends the petition be dismissed.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue in regards to the habeas petition. Habeas Rule 11(a).  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims he has failed to present to the state courts and which also lack merit. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

**OBJECTIONS AND NOTING DATE**

Any objections to this Recommendation must be filed no later than **January 13, 2020**. The Clerks shall noted the matter as ready for the Court's consideration on Friday**, January 17, 2020.** Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 30th day of December, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENATION- 4